**FIRST BRENT BAPTIST CHURCH, Inc. v. RUCKMAN, et al.**

No. 68-983.

Circuit Court, Escambia County.

June 13, 1968.

Paul Shimek of Reeves, Hahn, Reeves & Shimek, Pensacola, for plaintiff.

Cecil C. Jackson, Pensacola, for defendants.

ERNEST E. MASON, Circuit Judge.

*Order dismissing complaint and final judgment:* This is a suit in equity instituted by the First Brent Baptist Church, Incorporated, against the pastor of the First Brent Baptist Church and three members of that church. The suit seeks to enjoin the defendant, Ruckman, from preaching in the church unless permitted to do so by the board of deacons in their capacity as officers of the corporation, First Brent Baptist Church, Incorporated, and to prevent him from "interfering with the carrying out of the duties of the deacons and the trustees and the internal affairs of the plaintiff" corporation. The suit also seeks to enjoin the defendant, Ruckman, from trespass upon the plaintiff's property. The prayer is predicated upon the allegation that plaintiff has dismissed Ruckman as pastor of the First Brent Baptist Church. The other defendants are joined because of their alleged acts of interference with the trustees and deacons of the plaintiff corporation.

The defendants have filed a motion to dismiss on two grounds, namely —

(1) The lack of authority of the board of deacons and board of trustees to institute the suit in the name of the plaintiff corporation, and

(2) The lack of authority of the plaintiff acting through its board of deacons to dismiss the defendant, Ruckman, as pastor.

An answer to the same effect was filed and a hearing was held upon the motion and application for injunction and at said hearing it appeared that a majority of the board of deacons acting as officers of the corporation held a meeting and voted the dismissal of the defendant, Ruckman, and authorized the institution of this suit for the purpose above stated.

There are, therefore, two questions for this court to decide. First, whether or not the board of deacons, as officers of the plaintiff corporation, have authority to institute a suit to protect the physical properties of the plaintiff corporation from unlawful trespass, and second, whether the board of deacons, acting as officers of the corporation, has authority to dismiss the pastor of the church.

The first question must be answered in the affirmative. Under its charter of incorporation the plaintiff's temporal affairs are conducted by two separate entities which are created by its charter of incorporation. The first entity is the board of trustees which is entrusted with the management of the properties of the corporation. The second entity is the board of deacons which is entrusted with the other temporal affairs of the corporation.

It is evident that under the civil law the corporate officers of a non-profit corporation such as is the plaintiff, who are entrusted with the physical properties and material affairs of the corporation, have authority to protect such property from trespass or injury. So if there has been a trespass or damage to the physical properties of the plaintiff corporation, the entities entrusted with the care and supervision are entitled to sue in the name of the corporation to prevent such trespass or injury. However, the complaint states that there has been no destruction or injury to the plaintiff's property, the chief complaint in this respect being that because of the actions of the defendant pastor and the other defendants in the conduct of a certain school organized by Ruckman, the finances of the church have deteriorated to such an extent that it will not be able to meet its mortgage obligations.

The second question must be answered in the negative. The plaintiff corporation, and a majority of its trustees and deacons, take the position that the First Brent Baptist Church being incorporated can only operate through its corporate officers, and that since it is provided in the charter of incorporation that "the affairs of the corporation shall be managed by a board of deacons" such board of deacons has authority to dismiss the pastor. This view does not take into account the historical fact, of which this court takes judicial knowledge, that under the customs, practices and usages of the Baptist faith, there is a clear cut distinction between the spiritual or ecclesiastical body and the church incorporated under civil law. This court takes judicial knowledge of the fact that the ordinary Baptist church is congregational in discipline and government and that in spiritual affairs it is ruled and governed and disciplined by majority vote of the congregation.

The court takes further judicial knowledge of the fact that the spiritual body of a Baptist church is of ancient origin, recognizing and following the laws and precepts of the new testament. The spiritual or ecclesiastical body has two classes of officers, the pastor and the deacons. The pastor is the chief

spiritual officer, having direct charge of the spiritual matters of preaching and teaching, and the general spiritual oversight of the members of the congregation. The deacons, as officers of the religious society or spiritual body of the church, as distinguished from their capacity as corporate officers of a non-profit corporation, are elected by the spiritual body, and assist the pastor in the discharge of his duties. And should the church desire to discharge the minister the only body that can do so is the congregation of the religious society acting in a duly called congregational meeting. It is not the practice in a Baptist church for such business to be transacted in a corporate meeting of the corporation, nor by any officer or board of such corporation.

In November, 1960, there was in existence a baptist congregation known as the First Brent Baptist Church. On the 29th day of November, 1960, there was filed with the secretary of state of Florida, a certificate of incorporation of the "First Brent Baptist Church, Incorporated", a non-profit corporation. The membership of such corporation as of the time of incorporation was the then existing membership of the First Brent Baptist Church, an unincorporated religious organization. It is provided in the articles of incorporation that as new members join the church they shall automatically become members of the corporation.

Article V provides for two sets of officers which would have charge of the affairs of the corporation, a board of trustees, and a board of deacons. Nowhere in the articles of incorporation is the pastor of the church made an officer of the corporation. It is the holding of this court that by the creation of a corporation the First Brent Baptist Church as an unincorporated religious society did not cease to exist. It is a general rule of law that a church society, by incorporating, does not lose its existence or become wholly merged in the corporation. The religious corporation and the unincorporated church, although one, may exist within the pale of the other, and are in no respect correlative. The objects and interest of the one are moral and spiritual; the other deals exclusively with things temporal and material. Each as a body is entirely independent and free from any direct control or interference by the other. Thus, whenever there is an incorporated church there are two entities — the one, the church as such, not owing its ecclesiastical or spiritual existence to the civil law, and the other, the legal corporation created under civil law, each separate, although closely allied. The former is purely voluntary, and is not a corporation. Even when the unincorporated society becomes incorporated for the purpose of

maintaining religious worship, the rights of an individual as a member of the corporation are one thing; and his rights as a member of the church, worshipping in the building owned by the corporation, is quite another thing.

Therefore, unless the act of incorporation through the articles of incorporation expressly provides that the conduct of the spiritual affairs of the church, as well as its temporal affairs, are vested in a corporate entity, then the general historical rule of practice in a Baptist church that the spiritual affairs are conducted by the spiritual entities must be construed to govern this particular church.

In such a Baptist church the pastor and deacons of the ecclesiastical body may be disciplined, under Baptist practice and usage, only by the congregation in a meeting duly called for that purpose, and then only upon charges preferred by the board of deacons acting in their ecclesiastical and non-corporate capacity. In the administering of such discipline, the civil courts have no jurisdiction to intervene.

An examination of the articles of incorporation do not indicate that the historical Baptist rule of practice was intended to be, or was, changed with respect to the First Brent Baptist Church. It is to be noted that article 2 of the certificate of incorporation dealing with "Purpose" declares the purpose therein stated to be the purpose, not of the corporation, but of the unincorporated religious society, namely: The First Brent Baptist Church. And the purpose of such religious society as so set out follows the historical concept that the purpose of a Baptist church is to promulgate the gospel message as the same is found in the new testament of the bible. Also, there is to be noted that the First Brent Baptist Church shall carry on its operation "as an independent or autonomous, self-governing body." As a matter of fact the purpose of the corporation is not set out in these articles, but only the purpose of the unincorporated religious society. to-wit: The First Brent Baptist Church.

The corporate authority of the board of deacons is stated in article VI 2 as follows —

> "The affairs of the corporation shall be managed by a board of deacons, said board to be elected from and by members of the corporation . . ."

The plaintiff construes this statement to be sufficient to authorize the board of deacons, acting as corporate officers, to hire and dismiss a minister of the First Brent Baptist Church. It is the view of the court that such broad interpretation cannot be given

in the absence of specific language authorizing such corporate entity to have such power. Having seen that the primary purpose of the incorporation of a religious society is for the purpose of holding property and carrying on the temporal functions of the church, as contradistinguished from its spiritual and ecclesiatical purposes, any departure from such historical concept in a particular church can only be authorized by specific language in the articles of incorporation which show conclusively that it is the intent and purpose of the incorporators to transfer ecclesiastical and spiritual functions to the corporate entity. No such clear cut intent is shown by the particular articles of incorporation creating the First Brent Baptist Church, Incorporated.

Therefore, there is no sound basis for the conclusion herein that the pastor of the First Brent Baptist Church is an officer of the corporate entity, to-wit: The First Brent Baptist Church, Incorporated. Rather the only sound conclusion to raise is that a minister of a Baptist church, under the rules and regulations of that denomination, is an officer of the religious society of the church. It follows that the plaintiff corporation had no power to discharge the defendant, Ruckman. The only manner in which he may be dismissed is by congregational vote of the First Brent Baptist Church upon charges preferred by the board of deacons acting in their ecclesiastical capacity. Since there has been no congregational meeting of the First Brent Baptist Church which resulted by majority vote in the dismissal of the defendant, Ruckman, the latter is still the pastor of the church and the action of the board of deacons by majority vote in dismissing him is a nullity.

The suit should, therefore, be dismissed, but without prejudice to the right of the plaintiff corporation hereafter to institute in a civil court a suit to protect the physical property of the plaintiff corporation, in the event such should become necessary, or to enforce the civil rights of its members or officers.

There is nothing in the record before the court at this time that would justify this court in this civil proceeding to enjoin the defendants from the acts complained of in the complaint. This court is without authority to interfere with the manner of worship of the members of the congregation of the First Brent Baptist Church, so long as such does not constitute a breach of the peace. Such manner of worship is within the providence and the control of the congregation of that church. The same is true as to the conduct of the pastor and the other defendants herein in connection with the operation of the school alleged to have been organized and operated by the defendant, Ruckman.

It is the judgment of the court that this suit be, and it is, dismissed, and the defendants go hence without day, with their costs to be taxed by the clerk of this court, for which let execution issue.